(968 P.2d 1109)
No. 76,835

STATE OF KANSAS, *Appellee*, v. TYRONE L. HUTCHERSON, *Appellant*.

—

Opinion filed April 24, 1998.

*Rebecca E. Woodman,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, for appellant.

*Tony W. Rues,* assistant district attorney, *Joan M. Hamilton,* district attorney, and *Carla J. Stovall,* attorney general, for appellee.

Before BRAZIL, C.J., ELLIOTT and GERNON, JJ.

BRAZIL, C.J.: Tyrone L. Hutcherson appeals his convictions of possession of cocaine with intent to sell, obstruction of legal process or official duty, failure to pay drug tax, possession of drug paraphernalia, and possession of a hallucinogenic drug.

We reverse and remand with directions.

### *Felony Obstruction of Legal Process or Official Duty*

Hutcherson argues that he was wrongly charged and convicted of felony obstruction of legal process or official duty.

Hutcherson argues that *State v. Hudson,* 261 Kan. 535, 931 P.2d 679 (1997), is dispositive of this case. In *Hudson,* although the officer later discovered that the defendant had felony warrants for his arrest, at the time the alleged eluding occurred, the officer only suspected a minor traffic infraction had occurred. The court held that the trial court had properly reduced the charge from felony obstruction to misdemeanor obstruction of legal process because the officer had only suspected that the defendant had committed a misdemeanor traffic violation when he fled from the officer. 261 Kan. at 539.

The State argues that the present case is distinguishable from *Hudson.* The State contends that Officer Scott suspected more than a mere traffic infraction was taking place as he was chasing Hutcherson. The State points out that Scott testified that he was "concerned about something else being afoot" as he pursued Hutcherson and that it was unusual for a driver of a vehicle that has been signaled to pull over to exit the vehicle and take off in flight.

However, this case is not distinguishable from *Hudson* as the State suggests. The only reason Officer Scott suspected that another crime might have been committed was that Hutcherson fled when asked to stop. There is not sufficient evidence to support a

finding that the officer had any other crime in mind when he began to pursue Hutcherson. Although it may be common sense to assume that if one is fleeing the police when asked to pull over there may be something else afoot, more is required under *Hudson.* Hutcherson should not have been convicted of felony obstruction.

### Drug Tax Stamp

Whether the evidence was sufficient to convict Hutcherson of failing to pay the drug tax stamp depends on the interpretation of K.S.A. 1993 Supp. 79-5204(a). Interpretation of a statute is a question of law and, as such, our review is unlimited. *State v. Arculeo*, 261 Kan. 286, Syl. ¶ 1, 933 P.2d 122 (1997). K.S.A. 1993 Supp. 79-5204 imposes a tax on marijuana or controlled substances. Hutcherson argues that this tax is only required to be paid by drug dealers and that he does not fit the definition of a drug dealer under K.S.A. 1993 Supp. 79-5201(c).

"When a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute so as to add something not readily found in the statute. [Citation omitted.]" *State v. Lawson*, 261 Kan. 964, 966, 933 P.2d 684 (1997).

K.S.A. 1993 Supp. 79-5204(a) provides as follows:

"(a) No dealer may possess any marijuana, domestic marijuana plant or controlled substance upon which a tax is imposed pursuant to K.S.A. 79-5202, and amendments thereto, unless the tax has been paid as evidenced by an official stamp or other indicia."

K.S.A. 1993 Supp. 79-5201(c) defines a drug dealer as follows:

" 'dealer' means any person who, in violation of Kansas Law, manufactures, produces, ships, transports or imports into Kansas or in any manner acquires or possesses more than 28 grams of marijuana, or more than one gram of any controlled substance, or 10 or more dosage units of any controlled substance which is not sold by weight."

Hutcherson argues that the evidence showed that crack cocaine is sold in dosage units rather than by weight. Since he was only found to be in possession of nine rocks of crack cocaine, he contends that he did not meet the statutory definition of a dealer under K.S.A. 1993 Supp. 79-5201(c) and, therefore, as a matter of law he cannot be held liable for failure to pay the drug tax. The State

counters by pointing out that the rocks of cocaine altogether weighed 1.5 grams and that this was over the 1 gram threshold of the statute. The State further points to the evidence that Hutcherson had traded ⅟₁₆th of an ounce of cocaine for the use of the car he was driving the day of the incident. The State contends that this shows that the cocaine in this case was sold by weight and not by dosage unit.

K.S.A. 1993 Supp. 79-5201(c) clearly gives alternative methods for identifying drug dealers subject to the tax under K.S.A. 79-5202. There was testimony to the effect that crack cocaine is sold in dosage units rather than by weight.

Hutcherson stated that he had traded ⅟₁₆th of an ounce of cocaine for the use of the Mazda, but he did not specify if he had traded crack cocaine or powder cocaine for the use of the car. Although powder cocaine may be sold by weight, the evidence presented was that crack cocaine is not. Hutcherson was found to be in possession of nine rocks of crack cocaine. The statute requires that a person be in possession of 10 units of a controlled substance that is sold by dosage units in order to be convicted of failure to pay a drug tax stamp. Therefore, under a plain reading of the statute, there was insufficient evidence to convict Hutcherson of failure to pay the drug tax stamp, and his conviction thereof should accordingly be reversed.

### Possession of Cocaine as a Lesser Included Offense of Possession of Cocaine with Intent to Sell

Hutcherson complains that the court erred in failing to give an instruction on simple possession as a lesser included offense of possession with intent to sell. If, in proving the crime charged, the State must necessarily prove another crime, the latter is an included crime of the crime charged. K.S.A. 21-3107. Possession of cocaine is a lesser included offense of possession with intent to sell cocaine. *State v. Tucker*, 253 Kan. 38, Syl. ¶ 2, 853 P.2d 17 (1993). If the defendant fails to request the instruction he argues should have been given, our standard of review is whether the failure to give the instruction was clearly erroneous. *State v. Ochoa*, 20 Kan. App. 2d 1014, 1016, 895 P.2d 198 (1995). " 'An instruction is

clearly erroneous only if the reviewing court reaches a firm conviction that if the trial error had not occurred there is a real possibility the jury would have returned a different verdict.' [Citation omitted.]" *Ochoa*, 20 Kan. App. 2d at 1016. The trial court has an affirmative duty to give an instruction on a lesser included offense, even if the defendant fails to request it. K.S.A. 21-3107(3); *State v. Baacke*, 261 Kan. 422, 434, 932 P.2d 396 (1997). The duty arises even where the evidence supporting the lesser included offense is weak and is based only upon the testimony of the defendant. " 'The test is whether the evidence could, within reason, cause a jury to convict the defendant of the lesser charge.' " Ochoa, 20 Kan. App. 2d at 1018-19 (quoting *State v. Manzanares*, 19 Kan. App. 2d 214, 218, 866 P.2d 1083 [1994]). However, the duty to instruct on a lesser included offense only arises if the evidence, " 'when viewed in the light most favorable to the defendant's theory, would justify a jury verdict in accord with the defendant's theory and . . . the evidence at trial does not exclude a theory of guilt on the lesser offense.' " *Baacke*, 261 Kan. at 435 (quoting *State v. Harris*, 259 Kan. 689, 702, 915 P.2d 758 [1996]).

Hutcherson correctly states that in order to prove possession with intent to sell, the State must also prove possession. There was evidence to support a finding that Hutcherson was in possession of the cocaine. The cocaine was found in a bag in Hutcherson's possession. However, there was also evidence to support a finding that Hutcherson possessed the cocaine with intent to sell it. The State argues that the evidence was so conclusive that Hutcherson possessed the cocaine with the intent to sell that it was unnecessary for the court to give an instruction on the lesser included offense. However, although the evidence against Hutcherson was strong and persuasive, and it was unlikely that the jury would have returned a different verdict if the lesser included instruction had been given, the evidence at trial did not exclude a theory of guilt on the lesser offense. A reasonable jury could have convicted him of the lesser included offense. Under our standard of review, the failure of the trial court to instruct the jury on the lesser included crime is reversible error and, accordingly, defendant's conviction should be reversed and remanded for a new trial.

*Prosecutorial Misconduct During Closing Argument*

Hutcherson argues on appeal that the district court erred by failing to intervene when the State made an improper closing argument. Hutcherson contends that the statements made by the prosecutor during closing arguments denied him a fair trial. Hutcherson acknowledges that he did not object to any of the closing argument at trial.

"In criminal trials, the prosecution is given wide latitude in language and in manner or presentation of closing argument as long as it is consistent with the evidence adduced. Improper remarks made by the prosecutor in closing argument are grounds for reversal only when they are so gross and flagrant as to prejudice the jury against the defendant and to deny the defendant a fair trial."

"In closing argument, the prosecutor may draw reasonable inferences from the evidence, but may not comment upon facts outside the evidence. Counsel may make impassioned appeals to the jury, but should not inject issues broader than the accused's guilt or innocence or make predictions about the consequences of the jury's verdict." *Baacke*, 261 Kan. 422, Syl ¶¶ 4, 5.

The trial court has a duty to interfere " 'where counsel forget themselves so far as to exceed the limits of professional freedom of discussion' " even though no contemporaneous objection to that conduct is lodged at trial. *State v. Eastridge*, 20 Kan. App. 2d 973, 979, 894 P.2d 243 (1995) (quoting *State v. Wilson*, 188 Kan. 67, 73, 360 P.2d 1092 [1961]).

Hutcherson complains that the State in its closing argument characterized him as a liar, a criminal, and a drug dealer. Hutcherson contends that by commenting on his credibility as the only defense witness and by vouching for the credibility of the State's witnesses that the State went outside the evidence and interjected its own opinion.

Hutcherson is correct in asserting that such statements are improper. See *Eastridge*, 20 Kan. App. 2d at 982; *State v. Whitaker*, 255 Kan. 118, 132, 135, 872 P.2d 278 (1994); *State v. Bradford*, 219 Kan. 336, 340, 548 P.2d 812 (1976). However, the disposition of this issue depends on whether the statement so prejudiced the jury against him as to deny him a fair trial.

In a very recent opinion, another panel of this court reversed a criminal conviction and remanded it for new trial based in part on

the improper remarks made in closing argument by the same prosecutor in this case. *State v. Lockhart*, 24 Kan. App. 2d 488, 947 P.2d 461 (1997). In *Lockhart*, this same prosecuting attorney called the defendant and defense counsel liars. The court held:

"We view the prosecutor's comments referring to the defendant and the defense counsel as liars to be serious breaches of the standard of fair comment permitted to lawyers when making closing arguments. We believe that the prosecutor's gross and flagrant comments in this case rise to the level of a constitutional error. Trials cannot be allowed to degenerate into name-calling contests. Juries must be given an opportunity to exercise reason and sound judgment in deciding the facts of a case, free from passion and prejudice." *Lockhart*, 24 Kan. App. 2d at 492.

We were assured by the State's attorney at oral argument that the prosecutor's office has ceased this practice as a result of the *Lockhart* decision. Unfortunately, the trial in the present case occurred before *Lockhart*.

We conclude that Hutcherson did not receive a fair trial because of the improper remarks of the prosecutor in his closing argument.

We reverse and remand for new trial Count I, possession of cocaine with intent to sell; Count V, possession of drug paraphernalia; and Count III, possession of hallucinogenic drug. We reverse and remand Count IV for trial on misdemeanor obstruction of legal process or official duty. We reverse Count II, failing to pay drug tax.

Reversed and remanded with directions.