27 Kan. App.2d 754 (2000)
9 P.3d 568
STATE OF KANSAS, Appellee,
v.
CURTIS EDWARD III, Appellant.
No. 80,641.
Court of Appeals of Kansas.
Opinion filed July 21, 2000.
*755 Jennifer C. Roth, assistant appellate defender, and Jessica R. Kunen, chief appellate defender, for the appellant.
Jan Satterfield, county attorney, and Carla J. Stovall, attorney general, for the appellee.
Before LEWIS, P.J., ROGG, S.J., and JOHN J. BUKATY, JR., District Judge, assigned.
LEWIS, J.:
Defendant Curtis Edwards III was convicted by a jury of one count each of possession of cocaine, possession of cocaine without affixing a Kansas drug tax stamp, and possession of marijuana. This is a direct appeal from his convictions.
Defendant's predicament is the result of an automobile trip from Wichita to Parsons, where he attended Labette Community College. A police officer observed defendant drive left of center and decided to stop the vehicle for that violation. As he was following the vehicle, the officer observed conduct between defendant and his passenger that he considered to be somewhat suspicious.
The officer stopped the vehicle, approached it, and detected the unmistakable aroma of burnt marijuana wafting out of the driver's window. Defendant's speech was somewhat slow and his eyes were bloodshot, and the officer concluded that defendant had been using drugs. After a conversation with the officer, defendant admitted that he had, in fact, smoked marijuana before leaving Wichita. Defendant also gave permission for the officer to search his vehicle.
During the search, the officer found traces of marijuana in the ashtray and on the passenger side of the vehicle. In the back of the front seat, in the crack of the seat at the bottom, the officer observed a plastic bag. He removed that bag and observed that the contents appeared to be cocaine. In the bag were three rocks, which were later determined to be cocaine. One rock was fairly large, and the other two were small. The officer did not know whether the two smaller rocks had broken off when he removed the bag or whether the cocaine had been in that condition prior to its removal from the vehicle. After a conversation with the officer, *756 defendant removed a "dime bag" of marijuana and $35 in cash from his left sock and gave them to the officer, who also found approximately $475 in cash in the vehicle.
Defendant denied that he knew anything about the cocaine found in the vehicle and stated he had borrowed the car from someone named "Pops." At trial, the owner of the car was produced, who verified that he had loaned the vehicle to defendant. He also testified that he had loaned it to four or five other people in the 2-week period immediately preceding defendant's arrest.
After hearing the evidence, the jury found defendant guilty as charged. He was sentenced to an underlying term of 11 months in prison and 6 months in the county jail and was placed on 24 months' probation. The trial court also fined defendant $200 on the cocaine charge and $100 on the marijuana charge.
On appeal, defendant raises several issues.

SUFFICIENCY OF THE EVIDENCE
Defendant first argues that his conviction for possession of cocaine is not supported by the evidence. We disagree.
Our standard of review in a case of this nature is well known:
"`"When the sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after review of all of the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt." State v. Knighten, 260 Kan. 47, Syl. ¶ 1, 917 P.2d 1324 (1996).' State v. Claiborne, 262 Kan. 416, 425, 940 P.2d 27 (1997)." State v. Johnson, 266 Kan. 322, 326, 970 P.2d 990 (1998).
Defendant argues he had no knowledge there was cocaine in the automobile and that there was no evidence to show that he intended to exercise control over the cocaine found by the police officer. We find no merit in this argument.
In State v. Faulkner, 220 Kan. 153, 160, 551 P.2d 1247 (1976), our Supreme Court set out the standard to be applied in a case of this nature:
"Possession and intent, like any element of a crime, may be proved by circumstantial evidence. [Citations omitted.] An excellent annotationConviction of Possession of Illicit Drugs Found in Automobile of which Defendant was not Sole *757 Occupant, 57 A.L.R.3d 1319 [1974]is instructive. The better view appears to be that when illicit drugs are found in an automobile containing more than one person, the defendant's mere presence in the vehicle, without more, would not sustain his conviction for possession. Other circumstances which have been held sufficiently incriminating to link a defendant with illicit drugs in a vehicle are his previous participation in the sale of drugs, his use of narcotics, his proximity to the area where drugs are found and the fact the drugs were found in plain view. While none of these circumstances, by itself, may be sufficient to support a conviction, taken together they provide a sufficient inference of knowing possession to support the verdict."
As required by our standard of review, we have viewed the evidence in this case in the light most favorable to the State. That review causes us to conclude that the evidence in this action was sufficient to satisfy the standard set down in Faulkner. There was evidence to prove, beyond a reasonable doubt, that defendant was in fact guilty of possession of cocaine.
There may have been no direct evidence that defendant intended to possess the cocaine found in his vehicle, but there is a great deal of circumstantial evidence. It was obvious that defendant had been using marijuana, and he admitted to the police officer that he had smoked marijuana in Wichita. The officer smelled a strong odor of marijuana in the car, he found marijuana in the ashtray, and defendant had a bag of marijuana in his left sock. The plastic bag containing the cocaine was in plain view. In our judgment, this circumstantial evidence is more than sufficient to support defendant's conviction of possession of cocaine.
In addition, the trial court instructed the jury on aiding and abetting. Our review of the evidence reveals that the instruction was not error and that defendant could certainly have been convicted under the aiding and abetting standard, which is as follows:
"It is the rule in this state that mere association with the principals who actually commit the crime or mere presence in the vicinity of the crime are themselves insufficient to establish guilt as an aider and abettor; however, when a person knowingly associates himself with the unlawful venture and participates in a way which indicates he willfully is furthering the success of the venture, such evidence of guilt is sufficient to go to the jury. [Citations omitted.]" State v. Burton, 235 Kan. 472, 477, 681 P.2d 646 (1984).
The facts indicate that defendant may very well have aided and abetted the passenger in possessing the cocaine in question. According *758 to the police officer's testimony, he did not immediately pull the car over, defendant and the passenger were conversing as the officer followed them, and the passenger was rising up out of his seat in an attempt to do something in the backseat. We conclude that a logical inference to these circumstances would be that defendant was giving the passenger additional time to hide the crack cocaine. As we indicated earlier, the evidence also showed that defendant had money and a dime-bag of marijuana in his left sock. We conclude these actions would be sufficient to show that defendant knowingly associated with and willfully participated in the furtherance of the possession of cocaine. In other words, there was sufficient evidence to support defendant's conviction either as a principal or as an aider and abettor.

SUFFICIENCY OF THE EVIDENCE TO SUPPORT DEFENDANT'S CONVICTION OF NO TAX STAMP
In this state, possession of marijuana or any controlled substance by a dealer without paying a tax and affixing a stamp is a crime. K.S.A. 79-5204(a). As defined by K.S.A. 79-5201(c), a
"`dealer' means any person who, in violation of Kansas law, manufactures, produces, ships, transports or imports into Kansas or in any manner acquires or possesses more than 28 grams of marijuana, or more than one gram of any controlled substance, or 10 or more dosage units of any controlled substance which is not sold by weight."
Initially, defendant argues the evidence does not show he was a dealer under the definition set forth above because he was in possession of only three rocks of crack cocaine and not 10 as required by statute. Defendant buttresses this argument by arguing the State's evidence showed that crack cocaine was sold in dosage units and not by weight.
The same argument was made by the defendant in State v. Hutcherson, 25 Kan. App.2d 501, 504, 968 P.2d 1109 (1998). In that case, the defendant argued he was not a dealer because he was in possession of only nine rocks and because the testimony at trial was to the effect that crack was sold in dosage units and not by weight. We reversed defendant's conviction in Hutcherson and held that under the evidence presented in that case, cocaine is not *759 sold by weight and one could only be a dealer by possessing at least 10 units. Since the evidence showed that the defendant only had nine units of rock cocaine, he could not be convicted of failure to pay a drug tax stamp. In this case, defendant was charged with possession of "1 or more grams of cocaine." There was testimony at trial by a police officer that the bag taken from defendant's car contained 7.35 grams of crack cocaine, and the officer discussed how cocaine was sold as follows:
"It depends on how you bought it. Wewhen we give a street value, most of the times that's how it's sold, in the smaller weight. Such as you sold it in $5.00 rocks, $10.00 rocks or $50.00 rocks or small amounts. What we value at street value. Most of the time the street level dealer, he will deal the small amounts, the value. So around $840.00 to $900.00. Depends on how they sold it.
"If you bought it straight out like it is, it would be a quarter ounce ofof crack cocaine you could buy it from $450.00 to $500.00 and it depends on what time of the year you bought it. And the area of the county you bought it."
As a result of that testimony, there was evidence in this case that cocaine could be sold in larger pieces by the ounce or quarter of an ounce.
There was other testimony in this case indicating that crack was usually sold by breaking off smaller pieces from a larger rock. However, in order to break off pieces, one must first purchase the large rock.
We hold that Hutcherson is not controlling. In this case, the crack cocaine was unevenly broken into one large piece and two smaller pieces that weighed 7.5 grams total, which was much more than would ordinarily be sold in rocks. The evidence was such that a jury could find that crack cocaine could be purchased in a larger piece by the ounce. The statute only requires 1 gram of a controlled substance to require a tax stamp and, in this case, the crack weighed 7.35 grams. There was sufficient evidence in this case to indicate that defendant was a dealer in a controlled substance which is sometimes sold by weight and that he was required to affix a Kansas tax stamp to be in possession of the cocaine.
OPPORTUNITY TO AFFIX TAX STAMPS Defendant bases his argument that he did not have an opportunity *760 to affix tax stamps primarily on our decision in In re Burrell, 22 Kan. App.2d 109, 912 P.2d 187, rev. denied 260 Kan. 993 (1996). This was a civil taxation action in which Burrell challenged the taxes and penalties assessed against him as a result of his possession of marijuana. The facts of that case indicate that Burrell and an undercover officer were sitting in a vehicle when Burrell gave the officer money to purchase marijuana. The officer got out of the car to get the marijuana, and Burrell followed him. The officer put the marijuana in the back of Burrell's vehicle and immediately arrested Burrell outside the vehicle and before he had an opportunity to even enter the vehicle where the marijuana was located. The Department of Revenue assessed taxes against Burrell for taxes due under K.S.A. 1995 Supp. 79-5202. Burrell appealed the decision to the Board of Tax Appeals (BOTA). BOTA reversed the decision of the Department of Revenue and held in favor of Burrell. The Department of Revenue appealed that decision to this court. We affirmed the decision of BOTA and said:
"The penalties imposed by K.S.A. 79-5208 are not for being in simple possession of the marijuana; they are for being in possession of marijuana without the stamps affixed. Under those circumstances, it is clear that in order to be guilty of that crime, one must have had sufficient possession so that he or she had an opportunity to affix the stamps. We doubt that the imposition of criminal liability would be constitutional if it were based on conduct that gave the violator no opportunity to comply with the law.
"We also conclude that the term `possession' cannot mean one thing as used in 79-5208 and another as used in 79-5204. The type of possession sufficient to incur tax liability is the same type of possession sufficient to incur criminal liability. In both those instances, the possession must have been sufficient to allow the individual to have affixed the stamps." 22 Kan. App.2d at 116-17.
We concluded that Burrell never had the opportunity to affix the stamps to the marijuana because he was out of the car when he was arrested. Consequently, we agreed with BOTA that Burrell was not liable for the tax or penalties.
Defendant in this case argues that Burrell is controlling and that there is no evidence to show that he was in possession of the cocaine for such a period that he had an opportunity to affix the tax stamps. We do not agree.
*761 First, Burrell was a civil action, and we were careful to point out that our decision in that case had nothing to do with the criminal charges filed against Burrell. Despite that fact, we indicated in our opinion that we believed our language might apply to a criminal charge in the future. We have considered Burrell in the light of these facts, and we conclude that it is the law of this state and that it does apply to this action. The problem with defendant's argument under Burrell is that the evidence in this case shows that defendant did have sufficient time in which to affix the stamps. The cocaine was found in an automobile which defendant had possessed and had driven in Wichita for several hours. Although we do not know what time the cocaine was purchased, the evidence is certainly sufficient to conclude that defendant had an adequate time in which to affix the tax stamps to the cocaine. At the time of his arrest, defendant had been in the automobile for an hour and 20 minutes, and there is nothing to indicate the cocaine was not in the automobile at least that long if not longer. Accordingly, we hold there was sufficient evidence in which the jury could have found that defendant had sufficient time to affix the tax stamps to the cocaine found in the automobile.

JURY INSTRUCTIONS
Defendant argues the trial court failed to properly instruct the jury on the elements of possession of cocaine without Kansas tax stamps affixed. Our standard of review when considering an argument concerning the instruction is well known:
"When reviewing challenges to jury instructions, we are required to consider all the instructions together, read as a whole, and not to isolate any one instruction. If the instructions properly and fairly state the law as applied to the facts of the case and a jury could not reasonably have been misled by them, the instructions do not constitute reversible error even if they are in some way erroneous. [Citation omitted.]" State v. Mims, 264 Kan. 506, 514, 956 P.2d 1337 (1998).
Defendant argues the trial court erred by not advising the jury: (1) that the crack cocaine in the Pontiac must have been 10 or more dosage units in order for defendant to have been a dealer and required to affix tax stamps; and (2) that it must find that defendant had an opportunity to affix tax stamps.
*762 The first of defendant's arguments concerning instructions is without merit. Defendant was charged with possessing one or more grams of cocaine and not with possessing dosage units of cocaine. The State's theory was that cocaine can be sold by weight and that the 10-dosage unit requirement in the statute did not apply. We have already discussed this issue and held there was sufficient evidence to convict defendant of possession of a controlled substance that was sold by weight. Defendant's first argument concerning an error in instructions is without merit.
Defendant's second argument is that the jury should have been advised that it was required to find that defendant had an opportunity to affix the tax stamps before it could convict him of a crime concerning those stamps. The jury was instructed as follows:
"To establish this charge, each of the following claims must be proved:
"1. That the defendant knowingly possessed more than one gram of cocaine without affixing official Kansas tax stamps or other labels showing that the tax has been paid; and
"2. That the defendant did so on or about the 3rd day of April, 1997, in Butler County, Kansas."
The jury was not instructed that defendant must have had sufficient time to affix the tax stamps before it could convict him of a crime.
We have already stated that, in our opinion, the decision in Burrell applies with equal authority to a criminal action. In that regard, we hold that in this state, a defendant may not be found guilty of a crime for failing to affix tax stamps to a controlled substance unless the evidence shows that the defendant had sufficient possession so that he or she had an opportunity to affix those stamps. We also hold the trial court erred in not instructing the jury of that requirement.
We conclude that a real possibility existed in this case that the jury might have returned a different verdict had it been instructed that defendant must have had possession of the crack cocaine "sufficient to allow [him] to have affixed the stamps." Burrell, 22 Kan. App.2d at 117. As a result, we hold the trial court's failure to give the instruction was clearly erroneous. The type of possession required in order to be guilty of a violation of the drug tax stamp *763 statute is different from the type of possession required to be guilty of the crime of possession of cocaine. If the jury applied the possession definition given for the possession of cocaine charge, it would have found defendant guilty of violating the tax stamp act even though he did not have sufficient possession to have had an opportunity to affix the tax stamps.
We hold our decision in Burrell is controlling and that the trial court erred in failing to instruct the jury that defendant must have had possession sufficient to have allowed him to affix the tax stamps. Accordingly, we reverse defendant's tax stamp conviction and remand the matter for a new trial based on this particular error in instructing the jury.

FINES
Defendant argues the trial court erred at sentencing by not making sufficient findings on the record for imposing fines under K.S.A. 21-4607. The State concedes that the sentencing judge did not make specific findings on the record to support the fines.
In State v. McGlothlin, 242 Kan. 437, 441, 747 P.2d 1335 (1988), the court said:
"The statute requires and we hold that where the defendant is convicted of a felony or a misdemeanor and is sentenced to imprisonment either in the county jail or in the custody of the secretary of corrections and a fine is to be imposed, the judge must make specific findings pursuant to 21-4607(2) before imposing a fine. The judge must also state on the record that he or she has taken into account the financial resources of the defendant and the nature of the burden that payment of the fine will impose, as required by 21-4607(3)."
We have considered the record in this case, and it is clear that the court did not make the specific findings required by the opinion in McGlothlin and by K.S.A. 21-4607(2). Accordingly, we reverse the trial court's decision in fining defendant; we vacate the fines imposed and remand the case for resentencing on the fines only.
Defendant has not seriously contested his conviction for possession of marijuana, and we affirm that conviction. We also affirm defendant's conviction for possession of cocaine. We reverse defendant's conviction for possession of a controlled substance without affixing the drug tax stamps and remand for a new trial, which *764 would include the instructions required by this opinion. We vacate the fines imposed for the possession of marijuana and cocaine convictions and remand to the trial court to resentence on the fines and to make specific findings regarding those fines.
Affirmed in part, reversed in part, vacated in part, and remanded with instructions.