(28 P.3d 404)
No. 84,722

STATE OF KANSAS, *Appellee*, v. JUAN J. ALVAREZ, *Appellant*.

Opinion filed June 29, 2001.

*Randall L. Hodgkinson*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Tony Cruz*, assistant county attorney, *Chris E. Biggs*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before GREEN, P.J., KNUDSON, J., and PHILIP C. VIEUX, District Judge, assigned.

GREEN, J.: Juan J. Alvarez appeals his convictions of possession of methamphetamine, no drug tax stamp, and possession of marijuana. On appeal, Alvarez argues that the trial court erred in failing to give a unanimity instruction and in failing to instruct the jury that he must have had an opportunity to obtain and affix a drug tax stamp. Alvarez further contends that the trial court's instruction on the definition of possession improperly shifted the burden of proof. We disagree and affirm.

On May 2, 1999, Deputy Michael Himburg of the Geary County Sheriff's Department saw a car stopped on the side of the road. As

Deputy Himburg approached the car for a welfare check, he observed two men sleeping inside. Deputy Himburg spoke with the driver of the car, who was identified as Alvarez. Alvarez told the deputy that he and his stepson, Moses Mesa, were driving from Colorado to Kansas City and had pulled over to rest. While speaking with Alvarez, Deputy Himburg detected a faint odor of marijuana. Alvarez consented to a search of his car.

During the search, Deputy Himburg located a blue bag in the back seat of the car. Inside the bag, the deputy found marijuana. Deputy Himburg arrested Alvarez and Mesa.

The bag and vehicle were secured and thoroughly searched. In the blue bag where the marijuana was discovered, deputies also retrieved methamphetamine in a bottle of Lean Life and in a box of dental floss. Also in the blue bag, the deputies found business cards and other property belonging to Alvarez. Additional methamphetamine was found on the driver's-side floorboard.

Alvarez was charged with possession of methamphetamine with the intent to sell, possession of marijuana, and no drug tax stamp. At trial, Alvarez claimed all of his property was in a black briefcase and did not know how his property got into the blue bag because it belonged to Mesa.

The jury found Alvarez guilty of possession of methamphetamine, possession of marijuana, and no drug tax stamp. The trial court sentenced Alvarez to a controlling sentence of 17 months' imprisonment.

*Unanimity Instruction*

Alvarez' first argument on appeal is that the trial court erred in failing to give a unanimity instruction. Specifically, Alvarez contends that because the State presented evidence of multiple acts to prove possession of methamphetamine, a unanimity instruction was necessary to ensure that the jury unanimously agreed as to the criminal act charged.

The State argues that a unanimity instruction was not required because this is not a multiple acts case. The State insists that this is not a multiple acts case because Alvarez' charge of possession of

methamphetamine with the intent to sell was based on his possession of all the methamphetamine found in his car.

This issue was recently considered in *State v. Hazley*, 28 Kan. App. 2d 664, 19 P.3d 800 (2001). The State charged Hazley with one count of possession of methamphetamine on the theory that she constructively possessed all of the methamphetamine found simultaneously throughout her house. The *Hazley* court noted that because "[t]here were no truly multiple acts on which the prosecution relied . . . there was no need for a unanimity instruction." 28 Kan. App. 2d at 671.

Here, the State charged Alvarez with one count of possession of methamphetamine based on his constructive possession of all of the methamphetamine discovered in his car. Because of how Alvarez was charged, the State did not rely on multiple acts. As a result, the trial court was not required to give a unanimity instruction.

*Jury Instruction on Opportunity to Purchase and Affix Drug Tax Stamp*

Alvarez additionally contends that the trial court erred in failing to instruct the jury that he must have had an opportunity to purchase and affix a drug tax stamp. Because Alvarez did not request such an instruction, our standard of review is whether the trial court's failure to give the instruction was clearly erroneous. See *State v. Henry*, 263 Kan. 118, 131, 947 P.2d 1020 (1997).

Alvarez was convicted of possession of methamphetamine without a drug tax stamp under K.S.A. 79-5204(a). The statute provides: "No dealer may possess any . . . controlled substance upon which a tax is imposed pursuant to K.S.A. 79-5202, and amendments thereto, unless the tax has been paid as evidenced by an official stamp or other indicia." Subsection (d) of that statute states that taxes on controlled substances "are due and payable immediately upon acquisition or possession in this state by a dealer."

To support his argument that the trial court erred in not instructing the jury that to convict him of no drug tax stamp it had to find that he had an opportunity to purchase and affix a drug tax stamp, Alvarez cites *In re Burrell*, 22 Kan. App. 2d 109, 912 P.2d

187, *rev. denied* 260 Kan. 993 (1996). That case involved a civil taxation action in which Burrell challenged the taxes and penalties assessed against him as a result of his possession of marijuana. *Burrell* held that "in order to incur liability for the tax under 79-5204, the taxpayer must have had possession of the marijuana sufficient enough to affix the stamps." 22 Kan. App. 2d at 117. The *Burrell* court rationalized that the imposition of criminal liability for possession of marijuana without drug tax stamps would be unconstitutional "if it were based on conduct that gave the violator no opportunity to comply with the law." 22 Kan. App. 2d at 116-17. The court concluded that Burrell did not have the opportunity to affix the stamps to the marijuana because he was arrested by an undercover officer immediately after the officer put the marijuana in Burrell's car. As a result, this court found that Burrell was not liable for the tax or penalties.

Here, Alvarez relies on *Burrell* when arguing that the trial court erred in failing to instruct the jury that he must have had an opportunity to obtain and affix a drug tax stamp to the methamphetamine found in his car. Alvarez contends that there is no evidence to show that he was in possession of the methamphetamine for such a period that he had an opportunity to obtain and affix a drug tax stamp.

A similar argument was recently considered by this court in *State v. Edwards*, 27 Kan. App. 2d 754, 9 P.3d 568 (2000). After holding that *Burrell* applies to criminal actions, the *Edwards* court found that "there was sufficient evidence in which the jury could have found that defendant had sufficient time to affix the tax stamps to the cocaine found in the automobile." 27 Kan. App. 2d at 761. *Edwards* went on to hold, however, that the trial court's failure to instruct the jury that Edwards must have had possession sufficient to have allowed him to affix the stamps was clearly erroneous. The court rationalized as follows:

"[A] real possibility existed in this case that the jury might have returned a different verdict had it been instructed that defendant must have had possession of the crack cocaine 'sufficient to allow [him] to have affixed the stamps.' *Burrell*, 22 Kan. App. 2d at 117. . . . If the jury applied the possession definition given for the possession of cocaine charge, it would have found defendant guilty of violating

the tax stamp act even though he did not have sufficient possession to have had an opportunity to affix the tax stamps." 27 Kan. App. 2d at 762.

Significantly, the *Edwards* court failed to mention K.S.A. 79-5204(c), which requires that a dealer affix a drug tax stamp "immediately after receiving the substance." Rather than applying a broad test to determine whether a dealer was in possession sufficient to affix a drug tax stamp, the *Edwards* court could have relied on K.S.A. 79-5204(c). "It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained. [Citation omitted.]" *In re Marriage of Killman*, 264 Kan. 33, 42-43, 955 P.2d 1228 (1998).

The legislature's use of "immediately after receiving the substance" to establish when a drug tax stamp must be affixed to a controlled substance is not ambiguous. As a result, we refuse to read the statute as allowing for a grace period to purchase and affix a drug tax stamp. The tax is due and payable, and the tax stamp must be affixed, *immediately* upon possession.

Because *Edwards* does not address the legislative intent set out in K.S.A. 79-5204(c), we respectfully decline to follow that decision relative to its holding that a jury must be instructed on the sufficiency of possession. Under the facts of this case, because Alvarez failed to immediately affix a drug tax stamp to the methamphetamine before he was arrested, a jury instruction on the sufficiency of possession was unnecessary.

Alvarez further suggests that the trial court erred in failing to instruct the jury that it was required to find that he had an opportunity to purchase a drug tax stamp. Alvarez' contention, however, could never be a valid argument because dealers may conveniently purchase drug tax stamps through the mail. Moreover, our Supreme Court has rejected the argument that a defendant must have an opportunity to purchase a tax stamp before he or she can be convicted of failure to affix such a stamp. See *State v. Payne*, 183 Kan. 396, 327 P.2d 1071 (1958) (upholding a conviction for possession of alcoholic beverages without a tax stamp when a defendant purchased a bottle of wine in Missouri and carried it across the

state line, even though it was impossible to pay the Kansas tax directly to the State or to even purchase a tax stamp). As a result, because Alvarez could have purchased a drug tax stamp through the mail and affixed it before traveling through Kansas, the trial court was not required to instruct the jury that Alvarez had to have an opportunity to purchase a drug tax stamp.

*Instruction on Presumption of Intent*

In his supplemental brief, Alvarez argues that the trial court's instruction defining possession incorrectly shifted the burden of proof in violation of the Due Process Clause to the United States Constitution. Because Alvarez did not object to the instruction, our standard of review is whether the instruction was clearly erroneous. See *Henry*, 263 Kan. at 131.

The trial court gave the following instruction to the jury:

" 'Possession' means, 'having control over a place or thing with knowledge of, and the intent to have, such control'. The proof of the possession of any amount of a controlled substance is sufficient to sustain a conviction, even though the amount may not be measurable or usable. The state, however, must still prove the existence of a controlled substance.

"You may infer possession from a person's use of illegal drugs and narcotics, his proximity to the area where the drugs were found, whether the drugs are in plain view, and suspicious behavior.

"Possession may be immediate and exclusive, jointly held with another, or constructive. 'Constructive possession' is knowingly having both the power and the intention, at a given time, to exercise dominion or control over the property. 'Joint possession' occurs when two or more persons, who have the power or control and intent to manage property, exercise the same jointly."

Alvarez alleges that the second paragraph of this instruction improperly shifted the burden of proof because a reasonable juror could have concluded that if any of the factors listed were true, then Alvarez would have had to disprove possession. The second paragraph of the instruction lists some of the incriminating circumstances that link a defendant to drugs when he or she is in nonexclusive possession of premises where drugs are found. See *State v. Cruz*, 15 Kan. App. 2d 476, 489, 809 P.2d 1233, *rev. denied* 249 Kan. 777 (1991).

To support his argument, Alvarez relies on *State v. Johnson*, 233 Kan. 981, 666 P.2d 706 (1983). The *Johnson* court recognized that "any instruction which shifts the burden of proof or of persuasion to the defendant is unconstitutional and is clearly erroneous." 233 Kan. at 985.

Alvarez' reliance on *Johnson*, however, is misplaced. First, the complained-of portion of the jury instruction defining possession does not improperly shift the burden of proof to Alvarez. Instead, that paragraph instructs the jury on the type of evidence that may be considered in determining whether Alvarez possessed the drugs found in his car. What Alvarez fails to recognize is that the State must still put on evidence of the *Cruz* factors. This is unlike the presumption of intent instruction, which requires a limiting instruction under *Johnson*, because the presumption of intent instruction does not require the production of positive evidence of intent by the State. However, to reach an inference of possession, the State must come forward with positive evidence of a factor or factors listed in *Cruz*. Like any evidence, Alvarez could have challenged the sufficiency of evidence supporting the inference of possession. As a result, we find that the instruction on possession did not improperly shift the burden of proof to Alvarez.

Affirmed.