(28 P.3d 1019)

No. 85,401

STATE OF KANSAS, *Appellee*, v. CUTEAN CUPONE CURRY, *Appellant*.

Opinion filed June 29, 2001.

*Cory D. Riddle*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Ann L. Smith*, special assistant county attorney, *F. William Cullins*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before RULON, C.J., KNUDSON and JOHNSON, JJ.

JOHNSON, J.: Cutean Curry appeals his jury convictions for drug offenses. He raises three issues on appeal: (1) whether there was sufficient evidence to support his convictions for possession of co-

caine with intent to sell and possession of drug paraphernalia with intent to deliver; (2) whether it was reversible error to fail to instruct the jury that it must find defendant had sufficient possession of the cocaine to have allowed him an opportunity to affix Kansas drug tax stamps; and (3) whether there was sufficient evidence to show defendant had a reasonable opportunity to affix Kansas drug tax stamps to the cocaine to support his conviction for possessing drugs without drug stamps affixed. We affirm.

The route to Curry's convictions commenced when he backed an automobile from a parking space and nearly collided with a marked city police car. Curry's brother, Charles, was in the front passenger seat; a small child was in the backseat. The police car operator, Officer Darin Daily, observed that the child was not properly restrained. Daily activated the emergency lights, but Curry continued to drive. After traveling a city block, Daily engaged the siren. Curry continued for another block and a half, at which point Charles exited the car and ran. Another half block later, Curry came to a complete stop, with Officer Daily parking behind Curry's car.

Without Daily's prompting, Curry exited the car. Daily drew his weapon and ordered Curry not to move. Instead of complying with the order, Curry walked backwards, circled the front of his car, paused briefly, and proceeded along the passenger side to the rear of his car. While circling the car, Curry ignored Daily's requests to raise his hands. Daily testified he could not see Curry's hands when he was at the front of the car, but Daily observed Curry's arms moving. At the rear of his car, Curry finally complied with Daily's commands and was handcuffed. He gave law enforcement officers a false name.

Back-up officers arrived on the scene. A bystander advised one of the officers that Curry had dropped something as he walked in front of his car. At the front of Curry's car, officers discovered Curry's wallet and two cellophane bags. The bags contained a total of 23 yellowish white rocks. A field test revealed the rocks contained cocaine, which was subsequently confirmed by forensic testing.

Drug tax stamps were not affixed to the cocaine. Daily testified there were no tax stamps in Curry's car, in his wallet, or on his person.

## Sufficiency of the Evidence

Curry argues there was insufficient evidence for a jury to conclude he possessed the cocaine and paraphernalia (plastic baggies), and insufficient evidence to establish his intent to sell the cocaine or to deliver the paraphernalia. When the sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Mason,* 268 Kan. 37, 39, 986 P.2d 387 (1999).

*Possession*

Curry denied having any knowledge of the cocaine and baggies. He said he placed his wallet under the car seat during the pursuit to conceal his identity from the police. However, law enforcement officers testified the wallet containing Curry's identification was found on the ground in front of Curry's car. Curry had passed by and paused at the point of discovery, while disobeying Officer Daily's commands delivered at gunpoint. The cocaine and baggies were discovered within inches of the wallet. A bystander told police Curry dropped something in front of the car. A conviction of even the gravest offense may be sustained by circumstantial evidence. *State v. Smith,* 268 Kan. 222, 236, 993 P.2d 1213 (1999). A rational jury could reasonably conclude Curry knowingly possessed the cocaine and baggies, at least for the period of time necessary to discard them in front of the car.

*Specific Intent*

Law enforcement officers testified: (1) The amount of cocaine recovered, 23 rocks, was a large quantity with a street value of $460; (2) one or two rocks is the normal quantity to possess for personal use; (3) the manner in which the rocks were twisted into the corners of the bags is indicative of packaging for sale. Curry was not

employed at the time; there was no money in his wallet. Specific intent may be shown by acts, circumstances, and reasonable inferences; it need not be shown by direct proof. *State v. Johnson,* 258 Kan. 61, 67, 899 P.2d 1050 (1995). There was sufficient evidence to support the jury's finding that Curry intended to sell the individual cocaine rocks and intended to deliver them in the plastic bags.

## Jury Instruction

Curry asserts the trial court was required to instruct the jury that it must find Curry had sufficient possession of the cocaine to have had an opportunity to affix the drug stamps to the controlled substance (sufficiency of possession instruction). He contends the failure to give such an instruction requires reversal.

Curry submitted written, proposed jury instructions to the trial court. However, a sufficiency of possession instruction was not requested. Curry specifically stated he had no objection to the trial court's proposed instructions.

The accepted instructions included the definition of "possession" set forth in the pattern instructions, PIK Crim. 3d 53.00, as "[h]aving control over a place or thing with knowledge of and the intent to have such control." The elements instruction read as follows:

"The defendant is charged in **COUNT III** with the crime of possession of Cocaine without Kansas tax stamps affixed. [T]he defendant pleads not guilty.
"To establish this charge, each of the following claims must be proved:
"1. That the defendant knowingly possessed more than one (1) gram of Cocaine, a controlled substance without affixing official Kansas tax stamps or other labels showing that the tax has been paid; and
"2. That this act occurred on or about the 29th day of November, 1999, in Montgomery County, Kansas."

Since Curry did not object to the instructions prior to their submission to the jury, the absence of the sufficiency of possession instruction must be "clearly erroneous" to be reversible error. K.S.A. 2000 Supp. 22-3414(3). "Instructions are clearly erroneous only if the reviewing court is firmly convinced that there is a real possibility the jury would have rendered a different verdict if the

trial error had not occurred." *State v. Henry,* 263 Kan. 118, 131, 947 P.2d 1020 (1997).

Curry cites *State v. Edwards,* 27 Kan. App. 2d 754, 761-63, 9 P.3d 568 (2000), which found that it was clearly erroneous to fail to give a sufficiency of possession instruction. The State does not address the reasoning in *Edwards,* but rather argues that it postdated Curry's conviction. The State fails to note that an overruling decision is applied retroactively to all similar cases pending as of the date of the overruling decision, regardless of when the cause of action accrued. *State v. Waterberry,* 248 Kan. 169, 172, 804 P.2d 1000 (1991).

*Edwards* relied upon and expanded *In re Burrell,* 22 Kan. App. 2d 109, 116, 912 P.2d 187, *rev. denied* 260 Kan. 993 (1996). In *Burrell,* the defendant gave an undercover officer money while they were seated in Burrell's car. Both exited the car. The officer then retrieved a gym bag full of marijuana, placed it in the car's back seat, and almost immediately arrested Burrell. Burrell never reentered the car, nor did he ever have actual, physical custody of the drugs. In his criminal case, Burrell pled guilty to *attempted* possession of marijuana. In a civil action, the Kansas Department of Revenue (KDR) issued an assessment for the drug tax. Eventually, the Board of Tax Appeals (BOTA) agreed with KDR that Burrell had *constructive* possession of the drugs, but BOTA found such possession was insufficient to incur liability for the drug taxes. The Kansas Court of Appeals agreed with BOTA. *Burrell,* 22 Kan. App. 2d at 115. The *Burrell* court analogized that the imposition of criminal liability for possession of marijuana without drug tax stamps would be unconstitutional "if it were based on conduct that gave the violator no opportunity to comply with the law." 22 Kan. App. 2d at 116-17.

In *Edwards,* the defendant was stopped for a traffic infraction. Subsequently, cocaine was discovered in the car seat. There was a passenger in the front seat. The defendant had been in the vehicle for over an hour. The jury convicted the defendant of possessing the cocaine without affixing drug tax stamps. As here, the appeal questioned whether the evidence established sufficient possession to allow an opportunity to affix the drug tax stamps and whether

the trial court erred in not giving, *sua sponte*, a sufficiency of possession instruction.

*Edwards* specifically found *Burrell* applicable in a criminal case. "[W]e hold that in this state, a defendant may not be found guilty of a crime for failing to affix tax stamps to a controlled substance unless the evidence shows that the defendant had sufficient possession so that he or she had an opportunity to affix those stamps." 27 Kan. App. 2d at 762. However, *Edwards* found that evidence indicating the drugs had been in an automobile driven by the defendant for an hour and 20 minutes was "sufficient evidence in which the jury could have found that defendant had sufficient time to affix the tax stamps to the cocaine found in the automobile." 22 Kan. App. 2d at 761.

Despite finding sufficient evidence to support the tax stamp conviction, Edwards found the failure to give a sufficiency of possession instruction clearly erroneous and reversible error. *Edwards* opined there was a real possibility the jury verdict might have been different with a sufficiency of possession instruction.

"The type of possession required in order to be guilty of a violation of the drug tax stamp statute is different from the type of possession required to be guilty of the crime of possession of cocaine. If the jury applied the possession definition given for the possession of cocaine charge, it would have found defendant guilty of violating the tax stamp act even though he did not have sufficient possession to have had an opportunity to affix the tax stamps." 27 Kan. App. 2d at 762-63.

The State of Kansas has imposed a tax on marijuana and controlled substances. K.S.A. 79-5202. Cocaine is a controlled substance. See K.S.A. 79-5201(b); K.S.A. 2000 Supp. 65-4101(e). For purposes of taxation, a person possessing 1 gram or more of cocaine is a dealer. See K.S.A. 79-5201(c). A dealer must pay a tax; obtain an official stamp, label, or other indicia of tax payment; and affix said indicia to the cocaine *immediately* after receiving it. K.S.A. 79-5204. The taxes are "due and payable *immediately* upon acquisition or possession in this state by a dealer." K.S.A. 79-5204(d). (Emphasis added.) "Any person may purchase any such stamp, label or other indicia without disclosing such person's identity." K.S.A. 70-5204(b). Any dealer possessing cocaine without the ap-

propriate stamp, label or other indicia (drug tax stamp) is guilty of a felony. K.S.A. 79-5208.

Under the facts in *Burrell*, the *constructive* possession, if it was such, did not allow any opportunity for the dealer to affix drug tax stamps. If a dealer's control over drugs is so tenuous as to preclude any opportunity to affix drug tax stamps, such constructive possession will not constitutionally support a conviction for possessing drugs without affixing drug tax stamps. *Edwards* would suggest the determination of what constitutes "sufficient possession" to avoid constitutional challenge is a function of time; the dealer must be allowed some amount of time to affix the stamps. However, the legislature has established the time that drug stamps are to be affixed, *i.e.*, immediately. "It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained. [Citation omitted.]" *In re Marriage of Killman*, 264 Kan. 33, 42, 955 P.2d 1228 (1998). Our legislature knows how to provide for a grace period to pay taxes. See K.S.A. 41-502 (taxes on alcoholic liquors are payable on or before the 15th day of the calendar month next succeeding the month in which the distributor acquires possession). K.S.A. 79-5208 does not permit any grace period. The tax is due and payable, and tax stamps must be affixed *immediately* upon receipt, acquisition, or possession of the cocaine.

We feel *Edwards'* suggestion that sufficiency of possession under K.S.A. 79-5208 is a function of time does not comport with the legislative intent of K.S.A. 79-5204(c). What made the possession in *Burrell* constitutionally suspect was Burrell's lack of control over the drugs. Under our facts, the PIK instruction on possession, focusing on control, was sufficient without a further request or objection from Curry. Therefore, we respectfully decline to follow *Edwards'* holding that a jury must be given a sufficiency of possession instruction in cases where the evidence is sufficient to support conviction. Instead, we hold that where, as here, the evidence will support a jury finding that a defendant had actual possession of a controlled substance or possession with sufficient control to allow any opportunity to immediately affix drug tax stamps to the

drugs, it is not clearly erroneous for the district court to fail to give a sufficiency of possession instruction *sua sponte*.

## Sufficiency of Opportunity to Affix Stamps

Curry says that although he may have had more contact with the drugs than the defendant in *Burrell*, the evidence did not show he had as much time to affix the stamps as the defendant in *Edwards*. Therefore, he says the evidence was insufficient to establish he had sufficient possession to support his drug tax stamp conviction. We reject Curry's contention that time of possession is relevant. The analysis is whether Curry had actual possession or possession with sufficient control over the drugs to permit the immediate affixing of drug tax stamps.

The challenge is to the sufficiency of the evidence. As before, we are required to review all the evidence, viewed in the light most favorable to the prosecution.

If the jury believed Curry had any connection to the cocaine, it must have found he carried it from inside the car to the front of his vehicle. As such, Curry had to have actual, physical possession of the cocaine. When Curry picked up the cocaine, it was his statutory duty to *immediately* affix drug tax stamps, if they were not already affixed. See K.S.A. 79-5204(c). No exception is made for one who possesses with the intent to hide or dispose of the cocaine.

Further, Curry was the only adult in the vehicle for approximately the last one-half block of traveling. He was one of two adults in the vehicle that left the parking space and traveled several blocks. The other adult, Charles, denied any knowledge of the cocaine. It would be logical for the jury to infer the cocaine was in Curry's car for some period of time prior to its departure, since the vehicle was under constant police surveillance after it left the parking space. There was sufficient evidence to support the finding that Curry had sufficient control over the cocaine to enable him to comply with his statutory duty to immediately affix drug tax stamps.

Affirmed.