NOT DESIGNATED FOR PUBLICATION

No. 122,893

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SANDRA D. RANK,
*Appellant*.


MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed September 3, 2021. Affirmed.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Natasha Esau*, assistant district attorney, *Thomas Stanton*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before WARNER, P.J., CLINE, J., and WALKER, S.J.


PER CURIAM: Sandra D. Rank was pulled over after an officer suspected she was driving while impaired. Officers found baggies of methamphetamine in two locations in her vehicle. A jury convicted her of possession of methamphetamine, possession of drug paraphernalia with the intent to use, and driving under the influence (DUI) of drugs. On appeal, she argues the district court should have given a unanimity instruction and a limiting instruction. She claims the discovery of methamphetamine in two separate locations in her vehicle, which appeared to be of different origin, constituted "multiple acts" which required a jury unanimity instruction. She also claims the court should have

1

told the jury it could not rely only on her positive toxicology report to prove the possession charge. We find no error and affirm.

FACTS

During a June 2019 traffic stop, officers searched Rank's vehicle and discovered several baggies which appeared to contain methamphetamine, one in a purse and nine in an eyeglasses case located in a tote bag in her front seat area. The State tested three of the baggies, which all came back positive for methamphetamine.

Rank told the officers she had recently moved from an apartment and packed up all her belongings, which were now in her vehicle. Rank said she had been staying mostly in her car. She denied the drugs were hers, claiming the last time she had used methamphetamine was about a month before. She claimed the eyeglasses case was probably her ex-boyfriend's. She denied wearing glasses herself. Rank's blood was drawn and tested for drugs. She tested positive for methamphetamine. The forensic scientist who tested Rank's blood testified at trial that methamphetamine can stay in a person's system for 36 to 75 hours.

At trial, the court instructed the jury as follows for count one, the possession charge:

> "Instruction Number 7. In Count One Sandra Rank is charged with the crime of possession of methamphetamine. She pleads not guilty. To establish this charge each of the following claims must be proved:  One, Sandra Rank possessed methamphetamine. Two, this act occurred on or about the 30th day of June, 2019, in Reno County, Kansas.
> "Possession means having joint or exclusive control over an item with knowledge of and the intent to have such control, or knowingly keeping some item in a place where the person has some measure of access and right of control.

"The [S]tate must prove that Ms. Rank committed the crime intentionally and knowingly. A defendant acts intentionally when it is the defendant's desire or conscious objective to do the act complained about by the [S]tate. A defendant acts knowingly when the defendant is aware of the nature of her conduct that the [S]tate complains about."

The jury found Rank guilty of possession of methamphetamine, possession of drug paraphernalia with intent to use, and driving under the influence of drugs. The district court sentenced Rank to 18 months' probation with an underlying 13-month prison sentence.

ANALYSIS

*Unanimity Instruction*

Rank first characterizes her case as a multiple acts case and thus claims the district court erred in failing to give a unanimity instruction. In what is known as a multiple acts case, the State alleges several acts that could constitute the crime charged. *State v. Santos-Vega*, 299 Kan. 11, 17, 321 P.3d 1 (2014). In such cases, the jury must be unanimous as to which act constitutes the crime. *State v. Davis*, 275 Kan. 107, 115, 61 P.3d 701 (2003). Either the State must inform the jury which act to rely on for conviction, or the district court must instruct the jury to agree on the specific act. *State v. De La Torre*, 300 Kan. 591, 596, 331 P.3d 815 (2014). Whether a case involves multiple acts is a question of law over which we exercise unlimited review. 300 Kan. at 596.

Rank alleges this case involved multiple acts that could constitute the crime of possession of methamphetamine because (1) the officers discovered methamphetamine in two separate locations in her car and (2) the officers testified the methamphetamine in the purse appeared to be of a different origin than that in the eyeglasses case. Her claim falls short because her possession of the same drug in two locations in her vehicle does not

3

legally constitute multiple acts, and the State did not charge her as such. Kansas courts have consistently held when the same drug is found in various locations in either a defendant's car or home, and the State charges the defendant with possession of that drug based on the theory that the defendant constructively possessed all of it, the State is not relying on multiple acts and a unanimity instruction is not required. *State v. Unruh*, 281 Kan. 520, 529, 133 P.3d 35 (2006) (finding case did not involve multiple acts and unanimity instruction not required when State alleged defendant constructively possessed all methamphetamine found in van); *State v. Alvarez*, 29 Kan. App. 2d 368, 370, 28 P.3d 404 (2001) (holding State did not rely on multiple acts and unanimity instruction not required when State charged defendant with one count of possession of methamphetamine based on allegation that defendant constructively possessed all methamphetamine discovered in defendant's car); *State v. Hazley*, 28 Kan. App. 2d 664, 671, 19 P.3d 800 (2001) (concluding "'[t]here were no truly multiple acts on which the prosecution relied'" requiring unanimity instruction when State charged defendant with possession of methamphetamine based on theory that defendant constructively possessed all methamphetamine found simultaneously throughout defendant's home).

In Kansas, "'acts are multiple acts if they are factually separate and distinct.'" *State v. Moyer*, 306 Kan. 342, 360, 410 P.3d 71 (2017). Incidents are considered factually separate when either independent criminal acts have occurred at different times or when a fresh impulse motivated a subsequent criminal act. 306 Kan. at 360. The Kansas Supreme Court has identified several factors to consider when determining whether conduct is unitary (i.e., the "same conduct") rather than factually separate acts: "'(1) whether the acts occur at or near the same time; (2) whether the acts occur at the same location; (3) whether there is a causal relationship between the acts, in particular whether there was an intervening event; and (4) whether there is a fresh impulse motivating some of the conduct.'" 306 Kan. at 360 (quoting *State v. Schoonover*, 281 Kan. 453, 507, 133 P.3d 48 [2006]).

4

The distinctions Rank tries to draw are immaterial since all the baggies were found at the same time (during the vehicle search) and in the same location (Rank's vehicle). She alleges no intervening event between the acts or different impulses motivating each act of possession. Further, just as in the cases mentioned above, the State charged Rank with one count of possession based on the theory that she constructively possessed all the methamphetamine found in her vehicle. As in those cases, the methamphetamine found in the various locations in Rank's vehicle do not constitute multiple acts of possession. And even if the methamphetamine in the purse had a different origin from the methamphetamine in the eyeglasses case, it was still methamphetamine. In terms of the crime of possession of methamphetamine, the substances were not different in a material sense—it was all methamphetamine.

Rank also wrongly claims the positive toxicology report, evidencing her methamphetamine use, constituted a separate act from the recovered methamphetamine baggies. This argument fails because a multiple acts case requires multiple alleged acts that could each constitute the crime charged, and her positive toxicology report could not alone support a conviction for the crime of possession of methamphetamine. See *Santos-Vega*, 299 Kan. at 17 ("In a multiple acts case, several acts are alleged and any one of them could constitute the crime charged."); *State v. Flinchpaugh*, 232 Kan. 831, 835, 659 P.2d 208 (1983) ("Discovery of a drug in a person's blood is circumstantial evidence tending to prove prior possession of the drug, *but it is not sufficient evidence to establish guilt beyond a reasonable doubt*." [Emphasis added.]).

Since this was not a multiple acts case, nor was it charged as such, the district court did not err by failing to give the jury a unanimity instruction.

*Limiting Instruction*

Along with possession, Rank was also charged with driving under the influence of drugs. To establish the DUI charge, the State introduced a toxicology report at trial which disclosed Rank tested positive for methamphetamine. Rank now questions the toxicology report's effect on her possession charge. In Kansas, the presence of a controlled substance in a person's blood cannot alone prove possession of that substance. *Flinchpaugh*, 232 Kan. at 835. Rank argues the court should have instructed the jury that it could use the toxicology report to prove impairment in the DUI charge and as circumstantial evidence in the possession charge, but it could not rely on the toxicology report as the sole evidence to convict her on the possession charge.

When analyzing Rank's claim, we must first determine whether an error occurred, which requires determining whether the requested instruction was legally and factually appropriate, employing an unlimited review. If we find error, we must assess whether that error requires reversal. *State v. Buck-Schrag*, 312 Kan. 540, 550, 477 P.3d 1013 (2020). Since Rank did not request a limiting instruction below, we apply a clear error review standard to determine whether the error requires reversal. 312 Kan. at 550; see *State v. McLinn*, 307 Kan. 307, 317-18, 409 P.3d 1 (2018). Under the clear error standard, we cannot reverse unless we are "'firmly convinced that the jury would have reached a different verdict had the instruction error not occurred.'" *Buck-Schrag*, 312 Kan. at 550. Rank has the burden to establish clear error. See 312 Kan. at 550.

The State does not seriously dispute Rank's claim that the limiting instruction she now seeks was factually and legally appropriate. The State admits the evidence of methamphetamine in Rank's system was admissible as direct evidence to prove the DUI charge and circumstantial evidence to prove the possession charge. It also acknowledges K.S.A. 60-406's application, which provides: "When relevant evidence is admissible . . . for one purpose and is inadmissible . . . for another purpose, the judge upon request shall

restrict the evidence to its proper scope and instruct the jury accordingly." See also *State v. Lolar*, 259 Kan. 682, 687-88, 914 P.2d 950 (1996) (referencing K.S.A. 60-406, noting certain evidence was relevant and admissible as an element of one charge but otherwise inadmissible, and stating: "If [the defendant] had requested an instruction limiting the jury's consideration of [certain evidence], the trial judge would have been required to give such an instruction."); *State v. Kidwell*, 199 Kan. 752, 755, 434 P.2d 316 (1967) (citing K.S.A. 60-406 and stating: "When evidence is introduced for a limited purpose the trial court should explain the limitation to the jury and limit its application to that purpose."); PIK Civ. 4th 102.40 (basing pattern instruction on K.S.A. 60-406).

The real quarrel on this claim is whether the district court's failure to give the jury a limiting instruction was clear error. We agree with the State and find it was not. Given the other evidence, which included the discovery of multiple baggies of methamphetamine in two locations in Rank's vehicle, we are not firmly convinced the jury would have acquitted Rank on the possession of methamphetamine charge if a limiting instruction had been given.

We have only found one error by the district court and have concluded that error (the absence of a limiting instruction) is not a basis for reversal. Thus, Rank's cumulative error claim fails as well.

Affirmed.