No. 92,272

STATE OF KANSAS, *Appellee*, v. DOREEN ELIZABETH SANBORN, *Appellant.*

(132 P.3d 1277)

Opinion filed April 28, 2006.

*Nathan B. Webb*, assistant appellate defender, argued the cause, and *Sara B. Falls*, student intern, was with him on the brief for the appellant.

*James B. Spring*, deputy county attorney, argued the cause, and *Phill Kline*, attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

ROSEN, J.: Doreen Sanborn appeals her convictions for possession of drug sale paraphernalia and possession of drug use paraphernalia. The matter is before us on Sanborn's petition for review from the Court of Appeals decision affirming her convictions.

The facts from the Court of Appeals opinion are as follows:

"Upon execution of a search warrant at Sanborn's residence, numerous items related to drug usage and drug manufacture and sale were discovered. In the kitchen, officers found triple-beam scales and three boxes of pseudoephedrine gel-cap tablets. In the living room, officers found a cigarette rolling machine and a marijuana smoking pipe. In Sanborn's bedroom, officers discovered numerous pieces of burnt aluminum foil 'boats' with a brownish residue inside, together with lighters and a brown purse. Inside the purse were Sanborn's driver's license, $600 cash, a small baggy containing methamphetamine, and several plastic baggies containing Sanborn's prescription pills. Also found in the bedroom were 20-30 small empty plastic baggies, a set of postage scales, a Crown Royal bag containing more foil 'boats,' and a film canister containing a small baggy with an off-white residue. Pen casings, or 'cut pens,' were found in a dresser in Sanborn's bedroom and elsewhere in the house.

"Sanborn was initially charged with conspiracy to manufacture methamphetamine, manufacture of methamphetamine, possession of methamphetamine, felony possession of drug sale paraphernalia, and misdemeanor possession of drug

use paraphernalia, but the conspiracy and manufacture counts were dismissed prior to trial.

"The State explained to the jury the factual basis for each of the charges in both opening statement and closing argument. In closing argument, the prosecutor stated that the possession of drug sale paraphernalia charge was based upon the triple-beam scales, the postage scales, and the plastic baggies. He further stated that the possession of drug use paraphernalia charge was based upon the foil 'boats' and the pen casings. No unanimity instructions were requested or given. Sanborn was convicted of all three charges." *State v. Sanborn*, No. 92,272, unpublished opinion filed July 15, 2005.

Sanborn argues that the trial court committed reversible error when it failed to give a unanimity instruction regarding her convictions for possession of drug paraphernalia. Sanborn did not request the instruction. A unanimity instruction is used when the State charges one crime but relies on multiple acts to support that one crime. When multiple acts are alleged the jury must be unanimous as to which act or incident constitutes the crime. *State v. Timley*, 255 Kan. 286, 289, 875 P.2d 242 (1994); see K.S.A. 22-3421 (stating that "[i]f any juror disagrees, the jury must be sent out again"); K.S.A. 22-3423(1)(d) (allowing a mistrial if the jury is unable to agree on a verdict). If the State admits evidence of multiple acts to support one count, the State must elect which act it is relying on or the trial court must give a unanimity instruction. *Timley*, 255 Kan. at 289-90. Whether a case involves multiple acts is a question of law over which this court has de novo review. *State v. Kesselring*, 279 Kan. 671, 682, 112 P.3d 175 (2005).

As a threshold question, we must determine whether there are multiple acts involved in this case. The Court of Appeals concluded that there were not multiple acts in this case and, thus, no unanimity instruction was required. Slip op. at 6. The Court of Appeals relied on *State v. Hazley*, 28 Kan. App. 2d 664, 19 P.3d 800 (2001). In *Hazley*, officers executed a search warrant at the defendant's residence and discovered

"cigarette papers in a bowl, rolling papers, and methamphetamine in containers in two locations in the living room; several syringes, cigarette filters, a corner from a plastic bag, marijuana, methamphetamine in a man's shirt, and methamphetamine residue on a mirror in a southeast room; methamphetamine on a hot water heater in a small room off the southeast room; marijuana in a glass bowl, three

straws, metal tubing, and hemostats in the kitchen; a spoon with methamphetamine residue in the bathroom; and methamphetamine in the bedroom." 28 Kan. App. 2d at 665.

Although she claimed that the items belonged to someone else, Hazley was charged with and convicted of one count of possession of marijuana and one count of possession of methamphetamine. Hazley argued that the trial court should have given a unanimity instruction because the State failed to specify which illegal item it was relying on for each conviction. The *Hazley* court concluded that there were no multiple acts requiring a unanimity instruction because Hazley was charged with possessing all of the methamphetamine and marijuana found in her residence. 28 Kan. App. 2d at 671.

The Court of Appeals applied *Hazley* in *State v. Alvarez*, 29 Kan. App. 2d 368, 370, 28 P.3d 404, *rev. denied* 272 Kan. 1419 (2001), to the constructive possession of all of the methamphetamine found in miscellaneous locations inside the defendant's car. More recently, we applied *Hazley* to a charge of possession of drug paraphernalia in *State v. Schoonover*, 281 Kan. 453, 133 P.3d 48 (2006). In *Schoonover*, the defendant was convicted of possession of paraphernalia with intent to manufacture methamphetamine. Schoonover argued that the jury was confused because the State had introduced evidence that he had possessed both drug manufacture paraphernalia and drug use paraphernalia. Relying on *Hazley*, the *Schoonover* court held that, although there were multiple items of evidence, the evidence was not factually distinct. Consequently, the case did not involve multiple acts. *Schoonover*, 281 Kan. at 508. The *Schoonover* court further noted that the instructions clearly informed the jury that the paraphernalia necessary for a conviction was only that used in the manufacturing process and concluded that the jury did not rely on the evidence of drug use paraphernalia. 281 Kan. at 508–09.

*Schoonover* is controlling in this case. The triple-beam scales, postage scales, and baggies are multiple items of evidence to establish one act of possessing drug paraphernalia with the intent to *sell* drugs. Likewise, the pen casings and the aluminum foil were multiple items of evidence used to prove the crime of possessing

drug paraphernalia with the intent to *use* drugs. Although both counts against Sanborn include multiple items of evidence, they do not include multiple acts because the items are not factually distinct. All of the items are drug paraphernalia. Like the defendant in *Schoonover*, Sanborn was charged with possessing all of the drug paraphernalia in her house. Thus, the Court of Appeals correctly concluded that this is not a multiple acts case and a unanimity instruction is not necessary. We affirm the Court of Appeals' decision affirming Sanborn's convictions.