NOT DESIGNATED FOR PUBLICATION

No. 116,434

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

FOSTER LEE EVERETTE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Seward District Court; CLINT B. PETERSON, judge. Opinion filed November 3, 2017. Affirmed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Russell Hasenbank*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., MALONE, J., and LORI A. BOLTON FLEMING, District Judge, assigned.

PER CURIAM: Foster Lee Everette appeals his convictions by a jury of possession of methamphetamine, possession of marijuana, and possession of drug paraphernalia. First, Everette challenges whether the prosecutor erred by making allegedly prejudicial statements during voir dire. Second, Everette argues that the State presented insufficient evidence he possessed drug paraphernalia. Finally, Everette argues the district court erred by failing to give a unanimity instruction for the possession of methamphetamine and possession of marijuana charges because multiple acts could have constituted the offenses. On the first issue, we find that while prosecutorial error did occur, the State has

1

demonstrated beyond a reasonable doubt that the error complained of did not affect the outcome of the trial in light of the entire record. We further find that sufficient evidence supported Everett's conviction for drug paraphernalia. Finally, we find that because Everette was charged with constructive drug possession based on multiple simultaneous seizures of the drugs from his vehicle, such a situation is not a multiple acts case that requires a unanimity instruction. Accordingly, we affirm Everette's convictions.

FACTUAL AND PROCEDURAL BACKGROUND

On February 20, 2015, Kansas Highway Patrol Master Trooper James Parr was parked facing west on Highway U-54 outside of Liberal, Kansas. While parked, Parr observed a silver BMW traveling east on Highway U-54 in the left-hand lane. As the vehicle approached, Parr noticed the driver's side of the windshield was cracked and the rear windshield was heavily tinted. As the vehicle passed, Parr read the license plate and entered it into his computer system. From the license plate check, Parr learned the vehicle's registration was expired. As a result, Parr initiated a traffic stop.

After approaching the vehicle, Parr asked for the driver's license, vehicle registration, and insurance verification. The driver—Everette—provided his Kansas driver's license and expired vehicle registration information but did not provide proof of insurance. Everette told Parr he was on his way to an interview at the National Beef Packing Plant in Liberal. During the interaction with Everette, Parr smelled the odor of raw marijuana coming from the vehicle.

Parr returned to his vehicle to request a license check with dispatch and was informed that Everette's license was suspended. After receiving this information, Parr arrested Everette for driving on a suspended license, driving without proof of insurance, and not having valid registration.

2

Parr searched Everette incident to the arrest then proceeded to search the vehicle. Between the driver's seat and the center console, Parr found a McDonald's sack that contained both a small baggie with white residue as well as a separate syringe. Parr found a second baggie containing a white crystalized substance to the right of the driver's seat and a second syringe to the left of the driver's seat. Parr also saw a small amount of green vegetation scattered about on the passenger seat and floorboard. A cup containing a mixture of a liquid and a substance Parr believed was marijuana was in the cup holder. Parr seized all of the items except for the substance in the cup.

Parr performed a field test on two of the substances. The green vegetation from the seat and floor tested positive for marijuana, and the white crystalized substance tested positive for methamphetamine. Everette claimed he had recently purchased the car from a friend but had only been driving it for a week prior to the stop. Everette also stated that the baggies did not belong to him and that he did not have knowledge of the contraband in the vehicle.

The evidence that was seized was sent to the Kansas Bureau of Investigation (KBI) for testing—except for the syringes due to KBI policy. The KBI weighed and tested the green vegetation and found it weighed .49 grams and tested positive for marijuana. The residue in the baggie was unable to be weighed but tested positive for methamphetamine. The KBI did not test the white crystalized substance.

The State charged Everette with possession of methamphetamine, possession of marijuana, possession of drug paraphernalia, driving on a suspended license, and other traffic infractions. A jury found Everette guilty of possession of methamphetamine, possession of marijuana, possession of drug paraphernalia, and driving on a suspended license, and the district court convicted Everette of the traffic infractions. Everette was sentenced to a controlling 36-month prison sentence—the aggravated presumptive sentence—for the possession of methamphetamine conviction followed by two, one-year

jail sentences for the convictions of possession of marijuana and possession of drug paraphernalia. The sentences were to run consecutive to Everette's sentence in a separate case for which Everette received a 272-month sentence. Everette filed a timely notice of appeal.

DID THE STATE COMMIT REVERSIBLE ERROR DURING VOIR DIRE?

Everette argues the State committed reversible error related to three separate lines of questioning that were posed by the State to both panels of potential jurors.

Claims of prosecutorial error may be raised for the first time on appeal. *State v. King*, 288 Kan. 333, 349, 204 P.3d 585 (2009). When reviewing a claim of prosecutorial error, appellate courts employ the two-step analysis delineated in *State v. Sherman*, 305 Kan. 88, 109, 378 P.3d 1060 (2016):

"These two steps can and should be simply described as error and prejudice. To determine whether prosecutorial error has occurred, the appellate court must decide whether the prosecutorial acts complained of fall outside the wide latitude afforded prosecutors to conduct the State's case and attempt to obtain a conviction in a manner that does not offend the defendant's constitutional right to a fair trial. If error is found, the appellate court must next determine whether the error prejudiced the defendant's due process rights to a fair trial. In evaluating prejudice, we simply adopt the traditional constitutional harmlessness inquiry demanded by *Chapman*. In other words, prosecutorial error is harmless if the State can demonstrate 'beyond a reasonable doubt that the error complained of will not or did not affect the outcome of the trial in light of the entire record, *i.e.*, where there is no reasonable possibility that the error contributed to the verdict.' *State v. Ward*, 292 Kan. 541, Syl. ¶ 6, 256 P.3d 801 (2011), *cert. denied* [565 U.S. 1221] (2012). We continue to acknowledge that the statutory harmlessness test also applies to prosecutorial error, but when 'analyzing both constitutional and nonconstitutional error, an appellate court need only address the higher standard of constitutional error.' *State v. Sprague*, 303 Kan. 418, 430, 362 P.3d 828 (2015)."

4

Everette argues he was denied a fair trial because the prosecutor (1) asked the potential jurors about their knowledge of a drug problem in the area; (2) asked potential jurors about their views of crimes affecting the community; and (3) made a statement that the jury must rely on the evidence presented at trial to find Everette not guilty. Although there were two separate panels of potential jury members, the State made similar comments to both panels.

A.      *Statements Regarding Drugs and Crime in the Community*

Everette challenges whether the following statement from the first panel of potential jurors was error:

> "Does everyone agree that all crimes, no matter how small, still hurt the community in the long run, anyways, even a victimless crime? And does everyone understand that a verdict of guilty must be based on the evidence that's presented today? Also, a verdict of not guilty must have been based on the evidence that is presented today."

Furthermore, Everette challenges the following exchange that occurred during the voir dire for the second panel of prospective jurors:

> "Okay. Now, let's talk about drugs. I need to know—we both need to know your feelings about drugs. Does anyone—well, who here agrees that there's a drug problem in our community, Liberal, Seward County, Kansas?"

The prosecutor discussed with a few jurors their beliefs about which drugs were affecting the community. After that questioning the prosecutor asked the panel:

> "Would everyone agree we have a problem with meth in Seward County, Kansas?

5

"Now, does anyone believe that drugs are the root of the crime problem we have in Seward County, Kansas? Or do you think crime is separate from drugs?"

Later in the voir dire of this panel, the prosecutor asked whether the panel believed all crimes hurt the community and if everyone understood that a guilty or not guilty verdict must be based upon the evidence presented. The prosecutor used similar language to the question presented to the first panel.

Under *Sherman*, we must first determine if the actions of the prosecutor were "outside the wide latitude" afforded to the prosecution. 305 Kan. at 109. Here, the State concedes that the challenged statements were outside the discretion afforded to prosecutors. Independent of that concession, we also find these statements to be prosecutorial error. The comments related to drug use in the community are similar to those made by the State in its closing argument in *State v. Witten*, 45 Kan. App. 2d 544, 553, 251 P.3d 74 (2011):

"We know about the drug activities. We know things are going on. We hear about methamphetamines and now we're addressing a real problem. We're addressing a real situation. Somebody in our community is selling methamphetamines. Now it's up to you and I ask you to find Mr. Witten guilty on both counts."

Finding prosecutorial error, the *Witten* court noted a line of cases analyzing similar remarks:

"A prosecutor should not make statements intended to inflame the prejudices of the jury or to divert the jury's attention from its duty to decide the case based on the evidence and the controlling law. *State v. Tosh*, 278 Kan. 83, 90, 91 P.3d 1204 (2004). The Supreme Court has held that a prosecutor's comment that '[w]e don't want people making meth in our communities' and a comment regarding on preventing 'people from making meth in our community' were improper in that such comments inferentially asked the jury to render a verdict to protect the community. *State v. Finley*, 273 Kan. 237, 245,

42 P.3d 723 (2002); see also *State v. Green*, 254 Kan. 669, 684-85, 867 P.2d 366 (1994) (finding the statement '[w]hat you decide will be what our community stands for' improper); *State v. Ruff*, 252 Kan. 625, 631, 847 P.2d 1258 (1993) (improper for State to urge jury to 'not allow [the defendant's alleged] conduct to be tolerated in our county'); *City of Dodge City v. Ingram*, 33 Kan. App. 2d 829, 837, 839-40, 109 P.3d 1272 (2005) (finding statement that jury is the 'conscience of the community' improper). We believe the prosecutor's statements were improper and intended to appeal to the passions of the jurors." 45 Kan. App. 2d at 553.

Clearly, the statements of the State in voir dire related to drug use and crime in the community must be considered prosecutorial error.

Next, we must consider whether these errors prejudiced the defendant's due process rights to a fair trial. The Kansas Supreme Court has provided guidance on what appellate courts are to consider when analyzing the prejudice prong for claims of prosecutorial error. The reviewing court is to allow leeway for the parties to argue the existence of prejudice based upon the facts of the case and to avoid a set of specifically delineated factors. *Sherman*, 305 Kan. at 110-11. But see, e.g., *State v. Tosh*, 278 Kan. 83, 93, 91 P.3d 1204 (2004) (listing three factors for courts to consider when analyzing claims of prosecutorial error). Instead of a specific factor test, "[a]ppellate courts must simply consider any and all alleged indicators of prejudice, as argued by the parties, and then determine whether the State has met its burden." *Sherman*, 305 Kan. at 111.

With regard to the statements concerning crime and drugs in the community, Everette argues the statements were prejudicial because they inflamed the prejudices of the jury and diverted the jury's attention from its duty to decide the case based on the evidence before it. Everette points out that the comments were made more than once—at the end of voir dire for both panels—which is an appropriate factor for us to consider. Yet, Everette has not identified any other point in the trial where the comments were repeated, or referenced. The State argues that any error that occurred in voir dire was

7

cured by the jury instructions. Moreover, the State argues that overwhelming evidence supports Everette's convictions.

The State bears the burden of showing there is no reasonable probability that the error affected the outcome of the trial. See *State v. Ward*, 292 Kan. 541, Syl. ¶ 6, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012).

> "In evaluating prejudice, we simply adopt the traditional constitutional harmlessness inquiry demanded by *Chapman*. In other words, prosecutorial error is harmless if the State can demonstrate 'beyond a reasonable doubt that the error complained of will not or did not affect the outcome of the trial in light of the entire record, *i.e.*, where there is no reasonable possibility that the error contributed to the verdict.' [Citation omitted.]" *Sherman*, 305 Kan. at 109.

Using the *Sherman* analysis, we hold that the State has demonstrated beyond a reasonable doubt that the error complained of did not affect the outcome of the trial. First, each potential juror heard the offending statements only one time, as the statements were made to two different panels. Second, the jury was instructed that it should consider only the evidence and exhibits admitted into evidence and that it must presume that the defendant was not guilty of the crimes charged. Further, with regard to the comments of counsel, the jury was instructed: "Statements, arguments, and remarks of counsel are intended to help you in understanding the evidence and applying the law, but they are not evidence. If any statements are made that are not supported by evidence, they should be disregarded." It is presumed that the jury followed the district court's jury instructions. *State v. Wilson*, 295 Kan. 605, 621, 289 P.3d 1082 (2012).

Moreover, overwhelming direct evidence of Everette's guilt was presented and considered by the jury. The search of the car revealed two small baggies—one with white residue and one containing a white crystalized substance—two syringes, and green vegetation scattered about on the passenger seat and floorboard. Field tests and KBI

8

analyses showed the green vegetation tested positive for marijuana and the white crystalized substance tested positive for methamphetamine.

Even though it is true that "prejudice can exist even 'in a strong case'"—*Sherman*, 305 Kan. at 111 (quoting *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 240, 60 S. Ct. 811, 84 L. Ed. 1129 [1940])—prejudice does not exist here. The overwhelming, direct evidence against Everette; the fact the statements in error were made only one time to each panel; and the comprehensive jury instructions that were given demonstrate beyond a reasonable doubt that the error complained of did not affect the outcome of the trial.

Thus, we hold that the statements by the State in voir dire with regard to drugs and crime in the community did not prejudice Everette and constitute harmless error.

B.     *Statement Regarding Not Guilty Verdict Must Be Based on Evidence Presented*

A second error exists in the State's use of the phrase, "Also, a verdict of not guilty must have been based on the evidence that is presented today." Again, this phrase was used in voir dire of both panels but does not appear in the trial record again. This phrase constitutes a misstatement of the law, because a not guilty verdict could be based on evidence that is *not* presented, i.e., the State failed to meet its burden of proof. "A prosecutor steps outside the considerable latitude given to prosecutors if he or she deliberately misstates the controlling law." *State v. Ramirez*, 50 Kan. App. 2d 922, 942, 334 P.3d 324 (2014). Thus, this statement is also prosecutorial error.

The State contends under *Sherman* that there is no reasonable probability that prejudice occurred because the jury instructions mitigated any error. Further, the State argues that because the jury is presumed to follow the jury instructions, any error was not prejudicial. The State again argues the overwhelming, direct evidence in the case.

9

The State is correct concerning the lack of prejudice as it applies to the statements associated with the burden of proof and presumption of innocence. Claims of prejudice should be analyzed in the context of the statement itself and the jury instructions. See *State v. Peppers*, 294 Kan. 377, 397-99, 276 P.3d 148 (2012). Here, the final jury instruction properly states the presumption of innocence and the State's burden of proof. Because a jury is presumed to follow the jury instructions, it is unlikely the prosecutor's error had an effect on the outcome of the trial.

Furthermore, the jury was given preliminary instructions shortly after being impaneled. During these instructions, the district judge stated:

> "It is for you to presume that the Defendant is not guilty of the crimes charged. The law requires the State to prove the Defendant guilty beyond a reasonable doubt. This burden is always on the State. The Defendant is not required to prove his innocence or to produce any evidence whatsoever."

Based upon the preliminary and final instructions to the jury and the presumption that the jury is to follow the instructions of the court, there is no reasonable probability that the erroneous statement contributed to the verdict. See *Sherman*, 305 Kan. at 109. This finding, coupled with the overwhelming, direct evidence in the case, demonstrates beyond a reasonable doubt that the error complained of did not affect the outcome of the trial and was harmless.

### DID SUFFICIENT EVIDENCE SUPPORT EVERETTE'S CONVICTION FOR POSSESSION OF DRUG PARAPHERNALIA?

Everette raises two related challenges concerning the lack of sufficient evidence. First, Everette argues the State did not present sufficient evidence that the syringes were drug paraphernalia. Second, Everette argues that based upon the language of the jury

10

instruction, there was insufficient evidence that any item was used as paraphernalia for both the methamphetamine and the marijuana. The State contends Everette is actually raising an error with the jury instruction.

In reviewing a claim of insufficient evidence, appellate courts must determine whether a rational factfinder could have found the defendant guilty beyond a reasonable doubt, viewing the evidence in the light most favorable to the prosecution. *State v. Rosa*, 304 Kan. 429, 432-33, 371 P.3d 915 (2016). Furthermore, the reviewing court will not reweigh evidence, resolve conflicting evidence, or reweigh witness credibility. See *State v. Dunn*, 304 Kan. 773, 822, 375 P.3d 332 (2016).

The language of the jury instruction for possession of drug paraphernalia read:

"In count three, the defendant is charged with unlawfully possessing with intent to use drug paraphernalia. The defendant pleads not guilty.
"To establish this charge, each of the following claims must be proved:
"1. The defendant possessed with the intent to use syringes and small baggies as drug paraphernalia to store, contain, inject, or otherwise introduce into the human body methamphetamine and marijuana."

K.S.A. 2016 Supp. 21-5709(b)(2), the statute criminalizing possession of drug paraphernalia, states: "It shall be unlawful for any person to use or possess with intent to use any drug paraphernalia to . . . store, contain, conceal, inject, ingest, inhale or otherwise introduce a controlled substance into the human body."

Turning to Everette's first argument—that there was insufficient evidence that the syringes were paraphernalia—Everette focuses on a lack of testimony about why the syringes could be considered paraphernalia. Everette ignores the fact that one syringe was found in the McDonald's sack that also contained a baggie with white residue. The KBI test of the white residue was positive for methamphetamine.

11

A jury is permitted to make reasonable inferences, but those inferences must be based upon facts presented. See, e.g., *State v. Johnson*, 284 Kan. 18, Syl. ¶ 10, 159 P.3d 161 (2007). Because one of the syringes was found in the McDonald's bag that also contained a baggie with methamphetamine residue, a reasonable juror could infer that Everette intended to use the syringe to conceal, store, or inject the methamphetamine. The McDonald's sack was also near the baggie that contained the white crystalized substance, which the field test showed was positive for methamphetamine. In other words, the circumstantial evidence that the syringe was found in close proximity to the baggies of methamphetamine allows for the jury to infer intent to use the syringe contrary to the statute. Thus, there was sufficient evidence to support a conviction for possession of drug paraphernalia based upon the syringe.

Everette's second argument concerns the language of the jury instruction. Specifically, Everette argues the use of the word "and" in the phrases, "syringes and small baggies" and "methamphetamine and marijuana" required the State to prove the syringes and baggies were used for both methamphetamine and marijuana. Everette further points out that there is no evidence connecting the syringes or baggies to the marijuana.

For this argument, Everette mentions in a footnote that the unanimity instruction given is not at issue; however, the unanimity instruction is important in determining whether sufficient evidence supported the conviction. The district court gave a unanimity instruction for that charge, which required the jury to agree on the act that constituted the crime. Here, the possession of the baggie with the residue, the baggie with the white crystalized substance, or the syringe could constitute the offense. Although there was no direct evidence on Everette's possession of the baggies, the jury could infer that he was in possession of the baggies due to their presence in his car. See *State v. Washington*, 244 Kan. 652, 654, 772 P.2d 768 (1989) ("[P]ossession of a controlled substance may be . . . constructive as where the drug is kept by the accused in a place to which he has some measure of access and right of control."). Because evidence was presented that the

baggies contained methamphetamine, it can be inferred that Everette intended to use the baggies either to store or to contain the methamphetamine. The baggies satisfy all essential elements of the offense. See K.S.A. 2016 Supp. 21-5709(b)(2).

Given that the jury was required to unanimously agree on an underlying offense that constituted the crime, a reasonable jury could have convicted Everette of possession of drug paraphernalia for either the syringe as discussed above or the baggies that contained both methamphetamine residue and crystalized methamphetamine. Thus, taking the facts in the light most favorable to the prosecution and in the context of the jury instructions, a reasonable jury could have convicted Everette of the offense. See *Rosa*, 304 Kan. at 432-33.

The State may be correct that this issue is essentially a claim of a jury instruction error. Everette, however, does not argue there is an error with the jury instruction. Thus, Everette has abandoned any claim that the jury instruction is erroneous. See *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016).

### DID THE DISTRICT COURT ERR BY NOT GIVING A UNANIMITY JURY INSTRUCTION?

Everette argues the district court erred by not instructing the jury to unanimously agree on the conduct that constituted the crimes of possession of methamphetamine and possession of marijuana. However, Everette did not request such a jury instruction. When a party challenges the failure to give an unrequested jury instruction, we review the action of the district court for clear error. *State v. Molina*, 299 Kan. 651, 655, 325 P.3d 1142 (2014).

In reviewing for clear error, "[r]eversibility is subject to unlimited review and is based on the entire record. It is the defendant's burden to establish clear error under K.S.A. 22-3414(3)." *State v. Betancourt*, 299 Kan. 131, 135, 322 P.3d 353 (2014). To

establish clear error, Everette must firmly convince us that giving the instruction would have made a difference in the verdict. See *State v. Cooper*, 303 Kan. 764, 771, 366 P.3d 232 (2016). Furthermore, the determination of whether clear error exists is based upon the impact of the error in light of the entire record including other instructions, counsel's arguments, and whether the evidence is overwhelming. *In re Care & Treatment of Thomas*, 301 Kan. 841, 849, 348 P.3d 576 (2015).

When analyzing error based upon a claim of failure to give a unanimity instruction, the court utilizes a three-part test. First, the court must determine whether there are multiple acts that could constitute an offense. Second, the court must determine if the failure to give the instruction was error. Failure to give the instruction is error unless the district court instructed the jury it must agree on the specific act or the State specifically informed the jury which act to rely upon to form the basis of a conviction. Third, the court must determine whether the error is prejudicial or harmless. *State v. De La Torre*, 300 Kan. 591, 596, 331 P.3d 815 (2014).

Everette provides examples of how the jury could have reached a nonunanimous decision for both the possession of marijuana and the possession of methamphetamine charges. For the possession of marijuana, Everette claims part of the jury could have relied upon the marijuana on the passenger floorboard and seat as the basis for conviction, while others could have relied upon the substance in the cup as the basis for the conviction. The State, however, only presented evidence that the substance on the floorboard and the seat was marijuana. While the trooper suspected the substance in the cup was marijuana, there was no evidence presented about that substance. Unanimity instructions are required when different acts could constitute a crime. *State v. King*, 299 Kan. 372, 379, 323 P.3d 1277 (2014). In this instance, there is only one act for which evidence was presented that could constitute a crime—the marijuana on the floorboard and seat. Thus, there is no error in failing to give a unanimity instruction for the possession of marijuana charge.

14

For the possession of methamphetamine charge, Everette argues there are potentially two separate acts that constituted the crime. The State presented evidence that the baggie with residue and the baggie with the white crystalized substance both contained methamphetamine—the trooper field-tested the white crystalized substance, and the KBI tested the baggie with residue.

Everette fails to consider the effect of constructive possession theory on a multiple acts issue. "When a defendant is charged with constructive drug possession based on multiple simultaneous seizures of the drug from his or her vehicle," such a situation is not a multiple acts case that requires a unanimity instruction. *State v. Alvarez*, 29 Kan. App. 2d 368, Syl. ¶ 1, 28 P.3d 404, *rev. denied* 272 Kan. 1419 (2001). In *Alverez*, "the State charged Alvarez with one count of possession of methamphetamine based on his constructive possession of all of the methamphetamine discovered in his car. Because of how Alvarez was charged, the State did not rely on multiple acts. As a result, the trial court was not required to give a unanimity instruction." 29 Kan. App. 2d at 370; see also *State v. Unruh*, 281 Kan. 520, 528-29, 133 P.3d 35 (2006) (no multiple acts requiring unanimity instruction); *State v. Sanborn*, 281 Kan. 568, 570, 132 P.3d 1277 (2006) (same); *State v. Hazley*, 28 Kan. App. 2d 664, 671, 19 P.3d 800 (2001) (same).

*Unruh* presents the most analogous situation. The State charged possession based on a theory of constructive possession, and Unruh denied knowledge of the contraband. Here, the State never presented information of actual possession, so the State was presenting a constructive possession theory. Like in *Unruh*, Everette also denied having knowledge of the methamphetamine. In *Unruh* there were not multiple acts because "there was no temporal, geographic, or other separation or severance of the acts." 281 Kan. at 529. Similarly, here, because both baggies of methamphetamine—the crystal and the residue—were found in the vehicle Everette was driving, there are not separate acts which would require a unanimity instruction.

15

Because this is not a multiple acts issue and no unanimity instruction was required, Everette's claim of clear error fails. The district court did not err in failing to give a unanimity instruction for the possession of marijuana and possession of methamphetamine convictions.

Affirmed.